## McCRATE et v LAFFERTY et

Ohio Common Pleas, Putnam Co

Decided Sept 14, 1937

O. James Steele, Ottawa, and Walter S. Jackson, Lima, for plaintiffs.

Walter G. Rusher, Ottawa, and Timmermeister & Monahan, Wapakoneta, for defendants.

### OPINION

By SLAYBAUGH, J.

Now, what the court may say here may not be so concise as it would be, it he would take three or four days to go over the evidence and dictate this decision.

The statute provides forty days before the election is the limit for the filing of referendum petitions for vote on any matter that is to be submitted to the electors and it is necessary for the court to make a decision one way or the other at once, so it is the duty of the court to decide this matter in accordance with what he thinks the law is under the evidence, now.

As a preamble, I would like to say, that assuming this case is one for an improvement of a street, which requires the resolution of necessity to be first passed approving estimates, etc., and a copy of that resolution has to be served on any and all property holders and mortgage holders of premises abutting the improvement, and thirty days has to elapse before the ordinance is effective, but, in the meantime at the next meeting or same meeting the council may pass an ordinance determining to proceed with that same improvement and describe the bonds and all those things, but neither of those ordinances are effective until the expiration of those thirty days, and that applies to the first ordinance or resolution of necessity.

Now, in the meantime we will say that a referendum was filed against that ordinance of necessity within the thirty days; an ordinance was passed to issue the bonds and sell them and let the contract, but just prior to the thirty day limit the council repealed the resolution of necessity. Now the question in my mind is, what authority have the council to repeal that particular ordinance, without repealing all of its legal action on the subject? Can the council after all the notices were served, referendum petition filed and all the other legislation provided say, we will just repeal the resolution of necessity and preclude the people who signed the referendum from having a vote on the matter.

Now,, this whole business pertains to the improvement of a municipal owned electric light plant in Columbus Grove, and the court hasn't any hesitancy in saying that that particular thing is entirely up to the Board of Public Affairs of the village of Columbus Grove, as far as improvement; and the question of furnishing the money to make the improvement is entirely up to the village council, and before any contract can be entered into by the board it must be authorized and approved by the village council. Any contract for the construction of this plant must be approved or authorized by the village council, and any expenditure of money, where it exceeds $500 for any improvement of the plant, whether you issue bonds or not, must be authorized by the village council.

Now you have a section in the constitution which provides for the issuing of mortgage bonds. §12 of Article 18 of the Constitution provides:

"Mortgage bonds for public utilities. Any municipality which acquires, constructs or extends any public utility and desires to raise money for such purposes may issue mortgage bonds therefor beyond the general limit of bonded indebtedness prescribed by law; provided that such mortgage bonds issued beyond the general limit of bonded indebtedness prescribed by law shall not impose any liability upon such municipality but shall be secured only upon property and revenue of such public utility including a franchise stating the terms upon which, in case of foreclosure, the purchaser may operate the same, which franchise shall in no case extend for a longer period than twenty years from the date of the

sale of such utility and franchise on foreclosure."

Now, the question was raised this morning as to whether or not the people had a right to a referendum on this question. You will find that the council of the municipality will have no power to bind the mortgagee to the furnishing of free lighting on the streets, nor free water for the hydrants, nor free lights and water for the city building, but in case the mortgagee takes it over, then the mortgagee can levy any rate that is necessary to pay for both lights and fire hydrants and in that event the taxpayers of the village will have to pay an assessment for levy for that purpose, so the taxpayers in this particular event are interested, no question about it.

The law governing the right to referendum applying to this case is found in §§4227-2 and 4227-3, GC, which read as follows:

Sec 4227-2 GC. Ordinance and measures subject to referendum; per centum. Any ordinance, or other measure passed by the council of any municipal corporation shall be subject to the referendum except as hereinafter provided. No ordinance or other measure shall go into effect until thirty days after it shall have been filed with the mayor of a city or passed by the council in a village, except as hereinafter provided.

When a petition signed by ten per cent of the electors of any municipal corporation shall have been filed with the city auditor or village clerk in such municipal corporation, within thirty days after any ordinance, or other measure shall have been filed with the mayor, or passed by the council of a village, ordering that such ordinance or measure be submitted to the electors of such municipal corporation for their approval or rejection, such city auditor or village clerk shall, after ten days, certify the petition to the board of deputy supervisors of elections of the county wherein such municipality is situated and said board shall cause to be submitted to the electors of such municipal corporation for their approval or rejection of such ordinance, or measure at the next succeeding regular or general election, in any year, occurring subsequent to forty days after the filing of such petition.

No such ordinance or measure shall go into effect until approved by the majority of those voting upon the same. Nothing in this act shall prevent a municipality after the passage of any ordinance or other measure from proceeding at once to give any notice, or make any publication, required by such ordinance or other measure.

Sec 4227-3 GC. To what ordinance or measure act applies. Whenever the council of any municipal corporation is by law required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, the provisions of this act shall apply only to the first ordinance or other measure required to be passed and not to any subsequent ordinance and other measures relating thereto. Ordinances or other measures providing for appropriations for the current expenses of any municipal corporation, or for street improvement petitioned for by the owners of a majority of the feet front of the property benefited and to be especially assessed for the cost thereof as provided by statute, and emergency ordinances or measures necessary for the immediate preservation of the public peace, health or safety in such municipal corporation shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive the vote of two thirds of all the members elected to the council or other body corresponding to the council of such municipal corporation, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure. The provisions of this act shall apply to pending legislation providing for any public improvement.

Now, under the General Code of Ohio, the Board of Public Affairs of the village of Columbus Grove are authorized to make any improvement that they may desire to the water works or electric light plant with the authority of the council, if they have the money in the treasury, in other words, if Columbus Grove had the money in the treasury and expended $66,069 the only thing necessary would be a resolution or ordinance by the council authorizing them to go ahead to do so.

And the only thing that council has to do is to furnish the money if they do not have it in their funds.

Now §4328, GC, provides as follows:

Sec 4328 GC. Advertisements of; bids. The director of public service may make any contract or purchase supplies or material or provide labor for any work under the supervision of that department not involving more than five hundred dollars. When an expenditure within the department, other than the compensation of persons employed therein, exceeds five hun-

dred dollars such expenditure shall first be authorized and directed by ordinance of council. When so authorized and directed, the director of public service shall make a written contract with the lowest and best bidder after advertisement for not less than two or more than four consecutive weeks in a newspaper of general circulation within the city.

Sec 4361 GC granting authority to the Board of Public Affairs of a village specifically makes the provisions of §4328, GC, apply to the Board of Public Affairs of a village.

And, gentlemen, that is all that is necessary for a Board of Public Affairs to do in order to proceed with their improvement. In event, however, that funds are not available then the council steps in and they provide the funds by bond issue, or first' mortgage bond issue. First mortgage bond issue is not restricted in any way, except to get someone to buy your bonds.

The only question now is whether the court feels that this resolution is subject to referendum, and if so then have ten per cent of the electors signed the petition and filed it within thirty days with the clerk of the council, and as I said in the beginning, if it were possible for the council to authorize and direct certain improvements and wait until a matter was done, and then repeal that authority, then in this case the plaintiff would not be entitled to a mandamus, because the verbal testimony is that it was repealed last night.

The court feels that before any money can be expended it was necessary for resolution No. 174 to be passed and after that is once passed the board don't need to worry, and they had the authority, and they go on and proceed under that authority, don't have to wait for a whim of council, or whether the council are going to change their minds, and the council had no authority to repeal this ordinance, and in fact it is not repealed.

The court is going to grant the request for a writ of mandamus and the only thing to be submitted to a vote is as to whether or not the Board of Public Affairs shall expend $66,069 to make this improvement; that is entirely up to the people of Columbus Grove, whether they need this improvement, and I feel the court should let them vote on it. I don't know if you need it or not. If the majority of the people vote yes, then the Board of Public Affairs can't be stopped in any way, and without this authority, the action of the Board of Public Affairs would be null and void, and this resolution No. 174 is the permanent authority that governs the Board of Public Affairs and authorizes it to make an improvement to the light plant. The Board of Public Affairs fixes the water rate and the light rate and there isn't a citizen in Columbus Grove that has any authority and can interfere with it and all the board needs to make this improvement is the authority from the council, and that is given in resolution No. 174 and that is the matter that is subject to the referendum. Writ allowed.

You may have exceptions and motion for rehearing is overruled, and an entry may be prepared.